### WEST END TRUST & SAFE–DEPOSIT CO. v. JOHNSON.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

STRIKING CASE FROM TERM CALENDAR.
    Where a case is stricken from the special term calendar because triable
    by a jury, the court should not have provided for a further application
    as to the mode of trial, but should order it tried at the trial term.

Appeal from special term, New York county.

Action by the West End Trust & Safe-Deposit Company against Charles A. Johnson to recover an alleged balance on a promissory note. Defendant put in issue all material allegations of the complaint, including consideration, the place of making, and the allegations of nonpayment, and set up the defense of payment, satisfaction by appropriation, the invalidity of the original contract, and a counterclaim. Plaintiff placed the cause on the special term calendar for trial by the court. Defendant moves to strike the cause from the calendar, because of his right to jury trial, which motion was granted, and plaintiff appeals. Modified.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

R. B. Moffatt, for appellant.
E. T. Paul, for respondent.

PER CURIAM. The order, so far as it directs that this cause should be stricken from the special term calendar, was proper. The action should be tried at a trial term of the court, where it properly belongs. So much of the order, therefore, as grants the motion to strike the cause from the special term calendar, with costs, should be affirmed. But the court below, having all the facts before it. should not have provided for a further application as to this mode of trial. So much of the order, therefore, as grants leave to either party to apply as he may be advised for an order directing the mode of trial of issues in the action should be stricken out. No costs to either party of this appeal.